## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEVLIN HILLMAN
145 Fleet Street, Suite 243
National Harbor, MD 20745

TARA BLUNT,
1605 Pacific Avenue
Capitol Heights, MD 20743

     Plaintiffs

v.             Civil Action No.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
("AFGE")
80 F Street, N. W.
Washington, D. C. 20001

     Defendant

---

## COMPLAINT

## I.  PARTIES

1.  Plaintiff Devlin Hillman is a fully dues paid member in good standing of AFGE Local 2741 and its Chief Shop Steward, elected to that position in July 2015 for a three-year term.

2.  Plaintiff Tara Blunt is a fully dues paid member in good standing of AFGE Local 2741 and its Acting Secretary Treasurer appointed to that position on September 23, 2017 to serve out the unexpired term of the duly elected Secretary Treasurer.

3.  Defendant AFGE is a labor organization within the meaning of 29 U.S.C. §402(i) and 29 U.S.C. §185.

4.      AFGE maintains its principal office at 80 F Street, N. W., Washington, D. C. 20001.

5.      AFGE is a national labor organization with approximately 1067 affiliated Local Unions, including Local 2741.

6.      AFGE's National Executive Council ("NEC") is composed of the National President, the National Secretary-Treasurer, the National Vice President for Women and Fair Practices and the National Vice Presidents for 12 AFGE Districts, including District 14, which governs Local 2741.

7.      J. David Cox, Sr., is the President of AFGE.  Eric Bunn is the AFGE District 14 National Vice President ("NVP").  Mr. Bunn reports to AFGE President J. David Cox.

8.      Nate Nelson is the District 14 National Representative ("NR").  Mr. Nelson reports to Eric Bunn.

9.      AFGE Local 2741 is a registered local of AFGE organized pursuant to Article XIX of the AFGE National Constitution and represents employees of the District of Columbia Department of Parks and Recreation. ("Local 2741" or "Local")

10.      Local 2741 maintains its principal office at 231 Van Buren Street, N.W., Washington, D. C.  and holds its general membership meeting on each third Saturday of the month.

11.      In July 2015, Local 2741 members elected David Brooks as President, Barbara Jones as Vice President, Zakyia Brown as Secretary Treasurer, Devlin Hillman as Chief Shop Steward, Ashley Harris as Recording Secretary and Anthony Sherman as Sergeant at Arms.  All six officers were elected for a three-year term that expires in 2018.  The Constitution states that

2

all elected officers have the right to sit on the Local 2741 Executive Committee (which is the equivalent of the AFGE NEC) ("Executive Committee").

12. Local 2741 typically holds its regular Executive Committee meeting just before the regular monthly meeting.

## I. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, 29 U.S.C. §412, and 29 U.S.C. §185.

14. This Court has pendent jurisdiction over this matter pursuant to D. C. Code §11-921.

15. This Court has venue over this matter pursuant to 28 U.S.C. §1391(b)(1), 29 U.S.C. 412, and 29 U.S.C. §185(c) because Defendant AFGE maintains its principal offices in the District of Columbia and the violations occurred in the District of Columbia.

## II. STATEMENT OF FACTS

16. For 25 years, the D. C. Department of Parks and Recreation ("DPR") Aquatics Division employed Plaintiff Tara Blunt as an American Red Cross-certified, part-time Recreational Specialist-Assistant Pool Manager (Grade 7). Ms. Blunt is also a full-time Firefighter and EMT for the City of Alexandria.

17. For three and a half years, DPR employed Plaintiff Devlin Hillman as an American Red Cross-certified Recreational Specialist-Assistant Pool Manager (Grade 7).

18. Plaintiffs' DPR Position Descriptions require them to possess American Red Cross Lifeguard and Water Safety Instructor licenses as a condition of their employment which licenses Plaintiffs continuously possessed during their employment.

19.     In May 2015, DPR unilaterally changed the Lifeguard license certification required by all Aquatic Division employees, including Plaintiffs, from American Red Cross to International Lifeguard Training Program ("ILTP").

20.     Prior to changing the certification requirement, DPR did *not* change Plaintiffs' DPR Position Description which requires American Red Cross certification -- not ILTP.

21.     Prior to changing the certification requirement, DPR did not notify or consult with Plaintiffs or their union, Local 2741, as required under the terms of the union Collective Bargaining Agreement ("CBA").

22.     Mr. Hillman and Ms. Blunt objected that DPR violated the CBA by imposing the new licensure requirement as a condition of their employment without first notifying and consulting with Local 2741.

23.     Plaintiffs objected that the CBA required DPR to consult with the union before changing the American Red Cross licensure requirement contained in their Position Description.

24.     Plaintiffs took the position that since DPR had not changed their Position Description to require the new ILTP licensure (or remove the American Red Cross licensure requirement), they possessed the requisite licensure to perform their duties.

25.     Plaintiffs also argued that because DPR failed to notify or consult with the union before requiring the additional certification, DPR's order requiring the new ILTP certification as a condition of their continued employment was an unlawful violation of the CBA.

26.     Local 2741 filed written objections with DPR on behalf of Hillman and Blunt asserting that management had violated the CBA by imposing the new licensure requirement as a condition of their employment without first notifying and consulting with Local 2741.

27.     DPR terminated Plaintiff Blunt on June 29, 2016 for insubordination for refusing to obtain the ILTP certification.

28.     DPR terminated Plaintiff Hillman on August 24, 2016, for insubordination for refusing to obtain the ILTP certification.

29.     Plaintiffs timely filed an appeal of their termination with the DC Office of Employee Appeals ("OEA").  Their appeals are currently pending.

30.     Since their termination, Plaintiffs have maintained their AFGE Local 2741 membership by paying or attempting to pay their dues.

31.     The Local 2741 Constitution and Bylaws provide a means by which Plaintiffs may continue to pay their dues following their termination.

> "In the event payroll deductions cease, local Shop Stewards shall make remittance of all dues and initial fees collected to the Secretary Treasurer no later than the Tuesday of the last full work week of the month."

32.     To maintain his Local 2741 membership and the office of Chief Shop Steward following his termination, Plaintiff Hillman sent an email requesting to pay his biweekly dues of $22.66 to Local 2741 Secretary Treasurer Zakyia Brown.

33.     Ms. Brown declined to accept payment.  She advised Mr. Hillman to pay his dues to AFGE National official Sayed Faisal.

34.     On June 9, 2016, in an effort to pay her dues Plaintiff Blunt sent a text from her cell phone to Local 2741 Secretary Treasurer Zakyia Brown asking to whom she should give the money.

35.      Ms. Brown declined to accept payment and suggested that Ms. Blunt go to AFGE National headquarters, 7th floor and pay someone named "James".  Ms. Blunt went to AFGE National Headquarters but could not find James.

36.     Zakyia Brown resigned in April 2017, and Local President David Brooks appointed Erin Skinner, as the Acting Secretary Treasurer without first obtaining approval from the Executive Committee or the general membership.

37.     David Brooks and Erin Skinner repeatedly refused to accept Plaintiffs' dues payments and reinstate them as members in good standing of Local 2741.

38.     On July 6, 2017, Tara Blunt sent an email to AFGE stating that she had not "received any information pertaining to her balance of dues outstanding".  She asked how she could get "reinstated as a member in good standing of Local 2741".  Dev Hillman sent a similar email.

39.     On August 2, 2017 Mr. Nelson sent an email to David Brooks, stating:

"I checked with NVP Bunn, and specifically asked him if he could provide me with any legitimate reason or explanation as to why Mr. Hillman should not be reinstated.  Mr. Bunn did not provide me with any reason as to why Mr. Hillman should not be reinstated.  Therefore, I am providing you a final opportunity to provide District 14 with legitimate reason as why Mr. Hillman should not be reinstated.

"A legitimate reason could be that you notified Mr. Hillman in writing, by e-mail or letter, that his dues were delinquent and he needed to pay the dues by a certain date, or forfeit membership rights.  This would be a valid reason not to reinstate Mr. Hillman."

40.     On August 29, 2017, Dev Hillman and Tara Blunt sent an email to Erin Skinner asking her to provide them with the total amount of back dues that they owed and how much they needed "to remit each and every month to Local 2741 to stay current and a member in good standing with the local."

41.     The same day, Mr. Hillman calculated his outstanding dues owed to Local 2741 and sent another email asking Ms. Skinner to accept his dues payment of $589.16, (representing payment of $22.66 per pay period for the period September 30, 2016 through August 29, 2017 (18 pay periods).

42.     On August 29, 2017, Ms. Skinner replied by email:

"As I stated from a previous request, you must make your dues and reinstatement requests directly to President David Brooks.  As APPOINTED Secretary Treasurer my duties are limited and direction comes solely from Mr. Brooks.  I have attached him to my response. I will gladly forward you any and all information you have requested following permission from Mr. Brooks to do so." *(Emphasis Supplied)*

43.     The same day, plaintiffs, through their counsel, forwarded Ms. Skinner's emails to Nate Nelson and Eric Bunn requesting their help in getting Local 2741 to provide Plaintiffs with a dues accounting.

44.     Nate Nelson invited Plaintiffs' counsel, Kemi Morten, to meet with him at the AFGE National headquarters to discuss the reinstatement issue on August 31, 2017.  Following their meeting, Mr. Nelson sent an email to Skinner directing her to accept Plaintiffs' dues.

45.     Ms. Skinner responded that she worked for President David Brooks and he had directed her not to accept Mr. Hillman's dues.

46.     NVP Eric Bunn informed Plaintiffs that the AFGE NEC and AFGE General Counsel had reviewed their cases and determined that Plaintiffs could maintain their AFGE Local 2741 membership in good standing with full benefits pending the outcome of their appeal so long as they continued to pay their AFGE dues based on the AFGE National Constitution states:

"Any person separated for unjust cause from employment covered by subsection (b) who was a member in good standing in any local may retain membership in the local..."

47.     Thereafter, Plaintiffs again tried to pay their dues to Local 2741, but David Brooks and Erin Skinner refused to accept them.

48.     On one occasion when Mr. Hillman went to a monthly meeting to pay his dues, Mr. Brooks called the police and had Plaintiff Devlin Hillman removed from the meeting.

49.     Finally, Eric Bunn agreed to accept Plaintiffs' dues payment and forward them to Local 2741.

50.     On September 11, 2017, Mr. Bunn and Mr. Nelson met with Plaintiff Tara Blunt and Plaintiffs' legal counsel, Kemi Morten at the AFGE headquarters.

51.     Eric Bunn accepted U.S. Postal Money Order #23688641586 in the amount of $589.16 and #23770736166 in the amount of $22.66 from Plaintiffs' counsel for a total amount of $611.82 which represents Mr. Hillman's dues calculated from the date of his termination through September 11, 2017.

52.     Mr. Bunn signed a copy of the money order as a receipt for Mr. Hillman's dues payment and gave the receipt to Plaintiffs' counsel.

53.     Mr. Bunn also accepted U. S. Money Order # 23767660462 in the amount of $747.78 from Tara Blunt representing her outstanding dues calculated from the date of her termination through September 11, 2017.

54.     Mr. Bunn signed a copy of the money order as a receipt for Ms. Blunt's dues payment and gave the receipt to Ms. Blunt.

55.     After accepting payment in full of their dues, in the presence of Tara Blunt and Plaintiffs' counsel, Kemi Morten, Eric Bunn authorized Nate Nelson to write a letter informing Local 2741 President David Brooks that as of September 11, 2017, AFGE District 14 had accepted Plaintiffs' dues payments and reinstated them as members in good standing "with full benefits".

56.     National Representative Nate Nelson issued a September 11, 2017 letter directing Local 2741 President David Brooks to reinstate Plaintiff Devlin Hillman as a member and **as**

**the duly elected Chief Shop Steward.**  In his letter, Nelson directed Brooks to permit Mr. Hillman to attend the next monthly meeting, scheduled for September 16th.

57.     Mr. Nelson issued a September 11, 2017 letter directing Brooks to reinstate Plaintiff Tara Blunt as a member in good standing of Local 2741 and ordering Brooks to allow Ms. Blunt to attend the next monthly meeting, scheduled for September 16th.

58.     Nate Nelson gave copies of the letters to Plaintiffs' counsel.  Then NVP Eric Bunn took Attorney Kemi Morten and Tara Blunt away from Mr. Nelson to the reception area.

59.     Mr. Bunn informed Ms. Blunt and Attorney Morten that while AFGE had accepted Mr. Hillman's dues and reinstated him as a union member, AFGE had not yet made a decision whether to reinstate him to his position as Chief Shop Steward.

60.     NVP Bunn asked Attorney Morten not to publicly release Nate Nelson's letter containing the statement that Hillman was reinstated as Chief Shop Steward.

61.     NVP Bunn stated that the AFGE NEC had recently adopted a rule stating that if a member's dues lapsed for more than 45 days, the member could not run for elected office.

62.     This rule, Mr. Bunn stated, could be interpreted as prohibiting Mr. Hillman from holding onto his position as the duly elected Chief Shop Steward.

63.     Attorney Morten  pointed out that the rule should not apply to Mr. Hillman for a number of reasons – first he had tried on numerous occasions within 45 days of his August 24, 2016 termination date to pay his AFGE dues.   However, Local President David Brooks and Secretary Treasurer Zakyia Brown had refused to accept them.

64.     Second, the NEC rule was adopted after Mr. Hillman was terminated and did not apply retroactively.

65.     Third, AFGE and Local 2741 had not given Mr. Hillman notice of its intent to remove him as Chief Shop Steward for failing to pay his dues or afforded him with due process as required under the AFGE Constitution.

66.     Mr. Bunn responded that he was would run the issue by AFGE legal counsel and get back to her promptly with a decision on whether Dev Hillman was reinstated to his position as Chief Shop Steward.

67.     After receiving Nate Nelson's September 11th letter, Brooks disregarded it.  He informed Plaintiffs, as he had in the past, that he would not accept their dues or reinstate them as AFGE Local 2741 members in good standing.

68.     Mr. Brooks informed Plaintiffs that he ran Local 2741 – not District 14 – and he would not obey Mr. Nelson's  directive that he allow Plaintiffs to attend the September 16, 2017 local general membership meeting.

69.     In response, on September 13, 2017, AFGE NVP Eric Bunn wrote a letter to Mr. Brooks directing him to reinstate Plaintiffs as members in good standing and allow them to attend the next general membership meeting scheduled for September 16, 2017.

70.     Nate Nelson called Plaintiffs' counsel, Kemi Morten, and informed her that he had another engagement and would not be able attend the September 16th meeting.  Mr. Nelson asked Ms. Morten to accompany Plaintiffs to the September 16th meeting to ensure that they were admitted.  Ms. Morten agreed.

71.     Mr. Nelson emailed to Ms. Morten a copy of the September 13th letter from AFGE NVP Eric Bunn and suggested that she present the letter on his behalf to David Brooks and demand that he reinstate Plaintiffs and allow them to attend the meeting.

72.     On September 16, 2017, Plaintiffs accompanied by their legal counsel, attended the meeting.

73.     Plaintiffs' counsel presented Eric Bunn's letter to President David Brooks.  Mr. Brooks stated that he had received the letter but refused to reinstate Plaintiffs Devlin Hillman and Tara Blunt as members of Local 2741.

74.     Mr. Brooks called the police to have Plaintiffs removed from the meeting. Plaintiffs' counsel called Mr. Nelson and asked him to speak with the police officers, which he did.   After speaking with Mr. Nelson, the police officers refused to get involved.

75.     Thereafter, David Brooks "canceled" the meeting and left the building along with his Vice President Barbara Jones and Acting Secretary Treasurer Erin Skinner.

76.     Local 2741 Constitution, Article IX, Section 4, provides: "A quorum of this local shall consist of not less than ten members."

77.     When David Brooks left the building, there were eleven (11) members in good standing present in the hallway.

78.     The members present were: 1) Dev Hillman, 2) Deon Moore, 3) Cameron Brown, 4) Sally Henley, 5) Eugene Lutz, 6) Tara Blunt, 7) Ashley Harris, 8) Anthony White, 9) Jason McKenzie, 10) Clarence Anderson and 11) Anthony Sherman.

79.     Three members of the six-member Executive Committee were among the 11 remaining members making up the quorum; namely, Recording Secretary Ashley Harris, Sgt. At Arms Anthony Sherman and Chief Shop Steward Devlin Hillman.

80.     The 11 members unanimously voted not to cancel the meeting but to continue it outside under the Turkey Thicket Pavilion.

81.     Section 12 of the Local 2741 Constitution states:

"The Vice President shall assist the President in performing duties of that office.  If the President is not present at a meeting, the Vice President will preside.  In the absence of the Vice President, a President pro tempore will be chosen by the members from among those in attendance."

82.     The 11 members reconvened the September 16th meeting and appointed member Eugene Lutz as Chairman Pro Tempore who asked was there any new business.

83.     Local 2741 member Deon Moore moved to officially reinstate Tara Blunt and Dev Hillman as members in good standing of Local 2741.  Ashley Harris seconded the motion.  The motion passed unanimously.

84.     Plaintiffs introduced Kemi Morten as their legal counsel and disclosed to the members that she represented them in their OEA appeal and had assisted in getting them reinstated by AFGE National.

85.     Local 2741 member Deon Moore moved that Tara Blunt and Dev Hillman's attorney, Kemi Morten, be allowed to attend Local 2741 meetings as a guest speaker to discuss cases and legal strategy if invited by any Local 2741 member.  Anthony White seconded the motion.  The motion passed unanimously

86.     Dev Hillman nominated Tara Blunt to serve as interim Local 2741 Secretary Treasurer until a new Secretary Treasurer was duly elected and installed.  Ashley Harris seconded the motion.  The motion passed unanimously.

87.     Ashley Harris moved to officially reinstate Dev Hillman to his elected position Chief Steward of Local 2741.  Anthony Sherman seconded the motion.  The motion passed unanimously.

88.     The September 16, 2017 Local 2741 meeting adjourned at 7:58 p.m.    Ashley Harris audio recorded the meeting and prepared the minutes based on the recording.

89.     On September 17, 2017, AFGE National Representative Nate Nelson asked for a copy of the audio recording and the minutes of the September 16, 2018 Local 2741 meeting.

90.     On September 21, 2017, Nate Nelson sent an email to Local 2741 Vice President Barbara Jones, Acting Secretary Treasurer Tara Blunt, NVP Eric Bunn and Plaintiffs' counsel, Kemi Morten, entitled "A Change in Leadership".

91.     During a September 21st telephone conversation Nate Nelson informed Attorney Morten that he intended to remove David Brooks as President of Local 2741 based on his refusal to obey NVP Eric Bunn's order to reinstate Plaintiffs as members in good standing.

92.     Mr. Nelson said that he intended to install Vice President Barbara Jones as the new Local 2741 President at the AFGE National Headquarters on September 22, 2017.

93.     Nate Nelson told Attorney Morten that he also intended to remove Erin Skinner as Secretary Treasurer because of her refusal to obey his directive to reinstate Plaintiffs as members in good standing of Local 2741.

94.     Mr. Nelson stated that he intended to install Tara Blunt as the new Acting Secretary Treasurer based on the members' vote as reflected in the September 16, 2017 Minutes.

95.     Mr. Nelson invited Attorney Morten to attend the swearing in ceremony in her capacity as legal advisor to Local 2741 to be held the next day, September 22, 2017, at AFGE headquarters.

96.     Mr. Nelson asked Ms. Morten to ensure that her client, Tara Blunt, also attended and brought with her identification because he intended to add her as a signatory on all of Local 2741 bank accounts in place of Erin Skinner.

97.     On September 22, 2017, Tara Blunt, Kemi Morten, Barbara Jones met with AFGE National Representative Nate Nelson at the AFGE National Headquarters

98.     Local 2741 Sergeant at Arms Anthony Sherman and Nadine Bell, a friend of

Barbara Jones attended as Ms. Jones' invited guests.

99.     Mr. Nelson circulated to everyone present a September 20, 2017 letter from AFGE

National President J. David Cox suspending David Brooks as Local 2741 President based on

the following four (4) charges:

i.     Brooks' refusal to acknowledge the membership of or accept dues tendered on behalf of
Devlin Hillman and Tara Blunt;

ii.     Brooks' decision to deny Dev Hillman and Tara Brooks access to the September 16,
2017 Local 2741 membership meeting, "going so far as to call the police to have them
removed";

iii.     Brooks' cancelling of the September 16th Local 2741 general meeting "without a
proper motion in violation of *Robert's Rules of Order Newly Revised* which governs the
meetings of the Local"; and

iv.     Brooks' appointment of Erin Skinner as Secretary Treasurer "in a manner inconsistent
with the Local's Bylaws."

100.     Mr.  Nelson then circulated a copy of a September 21, 2017 letter that he had

written to Bank of America Branch Manager Luvinia Chambers, stating:

"Please be informed that our National President, J. David Cox, officially suspended Mr.
David Brooks from the office of local president on September 20, 2017.  On September 22,
2017, I officially installed Ms. Barbara Jones as the new President for local 2741.  Please
close all accounts that had David Brooks' name for local 2741.  This designed [sic] to
prevent any potential for fraud.

"Please remove Ms. Erwin [sic] Skinner's name from all AFGE local 2741 financial
information.  The membership removed Ms. Skinner from Office on September 16, 2017.
Ms. Tara Blunt is the new treasurer until further written notice. I thank you for your
cooperation."

101.     Nate Nelson then swore in Barbara Jones as the new President of Local 2741.  He

did not swear in Tara Blunt as Secretary Treasurer.

102.     Tara Blunt asked Nate Nelson why she was not being sworn in.   Mr. Nelson

replied that her installation was not necessary because the members of Local 2741 had voted

her into the position of Secretary Treasurer at the September 16th meeting, as reflected in the Minutes.

103.    Barbara Jones asked Nate Nelson whether she could appoint Nadine Bell to fill her position as Vice President.

104.    Tara Blunt objected that Jones had no authority to unilaterally appoint Bell as Vice President because the Local 2741 Constitution sets forth only two ways to fill a vacancy in the office of the Vice President; namely, by special election as set forth in Article IV, Section 9 of the Local 2741 Constitution which states:

"In the case of a vacancy in the office of President, the Vice President shall fill the office for the unexpired terms, and a special election shall be held for office of Vice President. Interim vacancies in any other office shall be filled by special election after due notice to members at the first regular meeting following such notice."

105.    Ms. Blunt stated that the Constitution provided that the vacancy in the office of the Vice President could also be filled by vote of the Executive Committee as set forth in Article V, Section 3 of the Local 2741 Constitution which states:

"In the case of vacancy in **any** office of this local, the Executive Committee may appoint a temporary officer to fill such vacancy until a duly qualified successor is elected in accordance with the provisions of Article IV, Section 9."  *(Emphasis Added)*

106.    Nate Nelson agreed and informed Barbara Jones that she could not unilaterally appoint Nadine Bell as Vice President of Local 2741.

107.    After the installation, Mr. Nelson asked Tara Blunt to accompany him and Barbara Jones to the bank in her capacity as Acting Secretary Treasurer so that she could be added as a signatory on all of Local 2741 bank accounts.

108.    Mr. Nelson invited Attorney Kemi Morten, in her capacity as legal advisor to Local 2741, to go with him to the bank and bring along the September 16, 2017 Minutes of the Local 2741 meeting and a copy of Local 2741 Constitution and Bylaws.  Ms. Morten agreed.

109.    Nate Nelson then excused Nadine Bell, and she left the building.

110.    Thereafter, newly installed President Barbara Jones, Acting Secretary-Treasurer Tara Blunt, Sergeant at Arms Anthony Sherman and Attorney Kemi Morten accompanied Nate Nelson to the Bank of America Rhode Island Avenue Branch.

111.    When they arrived, Bank America official Luvinia Chambers was waiting for them. Mr. Nelson handed Ms. Chambers AFGE President  J. David Cox's September 20th letter suspending David Brooks along with a copy of Nelson's September 21, 2017 letter notifying the bank that Tara Blunt was the new Treasurer.

112.    Ms. Chambers said she could not change the signatories on the Local's bank account based solely on these two documents.

113.    Ms. Chambers told Mr. Nelson that she needed the Minutes of the September 16, 2017 Local 2741 reflecting the members' vote to remove Erin Skinner as Secretary Treasurer and appoint Tara Blunt as Acting Secretary Treasurer.

114.    Attorney Kemi Morten handed the September 16th minutes to Ms. Chambers which she copied for her records.

115.    Ms. Chambers then asked Mr. Nelson for a copy of the Local 2741 Constitution and Bylaws, which Attorney Kemi Morten provided.

116.    Article III Section 3 of the Local 2741 Constitution states:

"The Secretary Treasurer shall sign and the President shall counter-sign checks covering proper expenditures for the local. In the absence of either officer, the Vice President may sign."

117.    After reviewing these documents, Ms. Chambers agreed to remove Brooks and Skinner and substitute Tara Blunt as the first signatory and authorized user and Barbara Jones as the co-signatory and authorized user on all of Local 2741's accounts.

118.    Mr. Nelson then asked Ms. Chambers to add Anthony Sherman as another signatory and authorized user, which she did.

119.    It is customary for the President and the Secretary Treasurer to have keys to the local's office and the local's computer password.

120.    After leaving the bank on September 22, Mr. Nelson invited Tara Blunt, Barbara Jones and Attorney Kemi Morten to accompany him to a meeting with the now former President David Brooks at the Local 2741 office.

121.    Nate Nelson explained that he intended to personally serve Brooks with the Cox suspension letter, obtain Brooks and Skinners' keys and computer password and give them to the new President Barbara Jones and new Acting Secretary Treasurer Tara Blunt.

122.    In the presence of Blunt, Morten and Sherman, David Brooks handed over to Nate Nelson the office keys and a number of checks and money orders, including Plaintiffs' money orders for dues paid to Eric Bunn on September 11, 2017.

123.    Mr. Nelson, in turn, handed the keys and money orders to Barbara Jones who then handed one set of keys and the money orders to Acting Secretary Treasurer Tara Blunt.

124.    Ms. Jones asked Tara Blunt to deposit the money orders into the Local's  Rhode Island Avenue Bank account, and Ms. Blunt deposited them on September 25, 2017.

125.    The next day, President Barbara Jones convened an Executive Committee meeting. Plaintiffs Dev Hillman and Tara Blunt attended in their respective capacities of Chief Shop Steward and Acting Secretary Treasurer as voted by Local 2741 members on September 16th.

126.    The Vice President's position was vacant due to Ms. Jones' appointment as President the previous day.

127.    The Executive Committee discussed whether it should convene a special election for the position of Secretary Treasurer and determined that it would be too expensive to convene a special election since the next Local 2741 general election is scheduled for April 2018.

128.    Local 2741 President Barbara Jones moved to appoint Tara Blunt as Acting Secretary Treasurer to serve out the unexpired term of the duly elected Secretary Treasurer Zakyia Brown, until the local held new elections in the spring.  The motion was properly seconded and passed unanimously.

129.    The Executive Committee's vote  appointing Ms. Blunt as Acting Secretary Treasurer is authorized by Article 4 of the Constitution and Bylaws.  It is also consistent with the will of the general membership as reflected by their unanimous vote during the September 16th Local 2741 to appoint Tara Blunt as Acting Secretary.

130.    Thus, as of September 23rd,  the Executive Committee of Local 2741 consists of the following five officers:  President Barbara Jones, the Vice President position [which is currently vacant], Secretary Treasurer Tara Blunt, Recording Secretary Ashley Harris, Chief Shop Steward Devlin Hillman and Sergeant at Arms Anthony Sherman.

131.    Tara Blunt made a motion to appoint Chief Shop Steward Devlin Hillman to serve as Vice President to serve out Barbara Jones' unexpired term until the next elections were held.  The motion was properly seconded. President Barbara Jones refused to call the question on the vote.

132.    Article IX, Section 9 of the Local 2741 Constitution states:

"Robert's Rules of Order Newly Revised shall govern the proceedings of all meetings of the local, when not inconsistent with the provisions of the Constitution and Bylaws of the local."

133.    Executive Committee members Blunt, Harris and Hillman objected that Jones' refusal to call the question violated Robert's Rules of Order Newly Revised.  Ms. Jones ignored their objections.

134.    Executive Committee members made other motions that were properly seconded, and Barbara Jones again refused to call the question.

135.    Plaintiffs again objected that Jones' refusal to call the question violated Robert's Rules of Order Newly Revised.  Again, President Jones ignored their objections.  Jones adjourned the September 23rd meeting without putting the motions to vote.

136.    On September 23, 2017, Plaintiff Tara Blunt wrote a letter to Barbara Jones on behalf of three members of the five-member Local 2741 Executive Committee, namely, herself, Plaintiff Devlin Hillman and Recording Secretary Ashley Harris.

137.    Ms. Blunt criticized Jones' refusal to call the question on the motions that had been properly made and seconded during the Executive Committee meeting, pointing out that Robert's Rules of Order are incorporated by reference into the Local Constitution and, therefore, Jones' actions constituted an unlawful violation of the Constitution.

138.    Ms. Blunt also expressed concern that despite her repeated requests, Jones had not yet provided her with her authorized user access code to the local's bank accounts.  Jones had assured Ms. Blunt that she would text the code before leaving to attend an AFGE conference in Texas.  Ms. Blunt stated that she could not perform her duties as Secretary Treasurer without the access code.

139.    Ms. Blunt accused President Jones of being "dictatorial" and reminded Jones that AFGE had recently removed Local President David Brooks, for similar  misconduct.

140.    Ms. Blunt asked President Jones to provide her with the access code and reconvene the September 23rd Executive Committee meeting by telephone and take a vote on the motions as required by Robert's Rules of Order or face disciplinary charges.

141.    Barbara Jones was attending an AFGE National conference in Texas with NVP Eric Bunn when she received Ms. Blunt's letter via email on September 25, 2017.

142.    On October 1, 2017, at 11:57 p.m. National Representative Nate Nelson sent the following email to Tara Blunt with a copy to Eric Bunn "removing" Ms. Blunt as Secretary Treasurer:

"Ms. Blunt, please be informed that District 14 has reviewed your inappropriate letter dated September 23, 2017, in which you threatened the properly installed local president with Article XXIII charges if she did not arrange to schedule a teleconference meeting while she was attending a training session in Galveston, Texas.

"I find this very disturbing because it appears that you were willing to violate your own local bylaws in order to aid another for financial gain.  Your local bylaws state that the vacancy in the Vice President position shall be an elected position.[1]  We received information that you made every attempt to appoint Devlin Hillman to the Vice President position without an election by the members.  LP (Local President) Barbara Jones  reported that you did this on September 23, 2017, at an executive board meeting.  You did not stop here.

"It is your letter dated September 24, 2017, that revealed who you are and what you were trying to accomplish, Ms. Blunt, you are not the Secretary Treasurer for local 2741 because I did not install you to legally occupy that position.  Therefore, you acted without authority when you sent your unprofessional letter to LP Jones, that was dated September 2017.  I can't tell you how your letter really was a huge disappointment to me.  You could have called NVP Bunn or myself for the proper advice on this issue.  It is obvious that you had a different agenda.

---

[1] This statement is incorrect.  As previously stated, the Local 2741 Constitution provides **two** means of filling a vacancy in the Vice President's position – by *special election* as set forth in Article IV, Section 9 **and** by *appointment of the Executive Committee* as set forth in Article V, Section 3 of the Constitution and Bylaws which states:  "In the case of vacancy in any office of this local, the Executive Committee may appoint a temporary officer to fill such vacancy until a duly qualified successor is elected in accordance with the provisions of Article IV, Section 9."  Ms. Blunt's motion was made pursuant to Article V, Section 3 of the Local 2741 Constitution.

"Therefore, you are not the authorized Secretary Treasurer for Local 2741.  On October 2, 2017, District 14 is instructing you to turn over the keys to the union office, all local 2741 property and all financial information that include [sic] the check books to Ms. Barbara Jones.  District 14 will be contacting you in the near future about the status of your membership reinstatement.  Thank you."

143.    Without first affording her due process, obtaining a vote of the general membership or the Executive Committee AFGE  informed Ms. Blunt that she is "no longer the authorized Secretary Treasurer for Local 2741" and summarily revoked her Local 2741 membership.

144.    AFGE ordered Ms. Blunt to return the keys to the Local 2741 office and all financial documents under the threat of bringing charges against her if she failed to do so.

145.    Under protest, Ms. Blunt returned the keys and several deposit slips.

146.    Without first obtaining a vote of the general membership or the Executive Committee,  AFGE removed Ms. Blunt as a signatory on all of Local 2741's bank accounts.

147.    Without first obtaining a vote of the general membership or the Executive Committee, AFGE appointed Nadine Bell as the new Secretary Treasurer to replace Ms. Blunt.

148.    Article 4, Section 5 of the CBA entered into between the District of Columbia and Local 2741 requires that AFGE inform DPR management that Devlin Hillman and Tara Blunt are officers of Local 2741:

"Management agrees to recognize the officers and duly designated representatives of the Union who are not employees and shall be advised by the Union of the names of its officers and representatives."

149.    To date, Local President Barbara Jones has *not* advised DPR Management that Plaintiffs are officers of Local 2741.

150.    Article 4, Section 5 of the CBA also requires that DPR recognize that Devlin Hillman is the Local 2741 Chief Shop Steward and Tara Blunt is the Local 2741 Secretary Treasurer.

151.     To date, DPR management has *refused* to recognize Mr. Hill and Ms. Blunt as Local 2741 officers.

152.     AFGE'S October 1, 2017 email falsely and negligently informed Local 2741 and DPR officials that Plaintiff Dev Hillman is not the duly elected Chief Shop Steward and Tara Blunt is not the duly designated Acting Secretary Treasurer.

153.     The next regularly scheduled Local 2741 membership meeting was October 20, 2017.

154.     A day before the meeting, on October 19, 2017, former Local 2741 Secretary Treasurer Zakyia Brown (in her new position as a DPR Manager) and other DPR managers circulated an email to all DPR staff and Local 2741 members that the "management team is asking that we all stay clear and do not involve ourselves in any possible situation involving Mr. Hillman."

155.     On October 20, 2017, through its General Counsel Amy Caspari, DPR testified in an unrelated OEA case that Devlin Hillman and Tara Blunt are not the Chief Shop Steward and Acting Secretary Treasurer of Local 2741.  DPR apparently repeated this false statement in pleadings filed with the OEA.

156.     AFGE's and DPR's false statements defamed Plaintiffs' character and reputation, humiliated them, significantly and adversely interfered with their ability to carry out their duties as Local 2741 officers and may adversely impact their pending OEA appeals and their nomination for office in the upcoming April 2018 Local election.

157.     Hours before the October 21st meeting, AFGE National Representative Nate Nelson sent an email informing Dev Hillman and Tara Blunt that he would ***not*** permit them to attend the October 21st meeting because they had not paid their dues.

158.   In the same email, Mr. Nelson informed Plaintiffs that because they had not paid their dues, they were no longer members or officers of Local 2741 and no longer members of the Executive Committee.

159.   Plaintiffs, through their legal counsel, emailed receipts to Mr. Nelson establishing that they were both, in fact, current in their dues.

160.   Through counsel, Plaintiffs objected that AFGE's summary decision to remove them as Local 2741 officers was an unlawful retaliation for their exercise of their rights protected under the LMRDA to complain about President Barbara Jones' misconduct during the September 23rd Executive Committee meeting.

161.   Through counsel, Plaintiffs objected that AFGE's summary decision to strip them of their union membership without a full and fair hearing was unlawful and a violation of the LMRDA.

162.   On October 21, 2017, Nate Nelson responded to Plaintiffs' counsel:

"[T]he LMRDA does not cover the D. C. government.  However, after consultation and based on the information you have submitted the 14th District has made a decision to permit Mr. Devlin [sic] and Ms. Blunt to attend the meeting scheduled for October 21, 2017 as *partially reinstated members.  (Emphasis Added)*

"NVP Bunn will render a final decision on the full reinstatement membership for Mr. Devlin [sic] and Ms. Blunt.

"At present, Mr. Hillman is not the Chief Shop Steward for Local 2741, and he is directed to cease using this title until receives [sic] a written decision from NVP Bunn about the full reinstatement membership issue.

"If your clients attend this meeting, the agenda will be strictly adhered to.  This means there shall **not be any motions to undermine <u>District 14 position</u> of conducting elections for vacant position**s.

"President Barbara Jones has been instructed to permit your clients to attend this meeting as *partially* reinstated members." *(Emphasis Added)*

163.     Through counsel, Plaintiffs objected that there is no such thing as a "partially reinstated AFGE member".   Indeed, the AFGE Constitution, Local 2741 Constitution and Local 2741 CBA do **not** provide for a "partially reinstated membership".

164.     Plaintiffs attended the October 21, 2017 meeting and audio recorded it.

165.     President Barbara Jones opened the meeting by informing the Local 2741 members present that she would entertain **no motions** from the members.

166.     This is a violation of Robert's Rules of Order Revised incorporated by reference into the Local 2741 Constitution – and therefore, a violation of the Local 2741 Constitution

167.     Jones stated, that in the future "all motions from members must be presented in writing".

168.     This is a violation of Robert's Rules of Order Newly Revised, incorporated by reference into the Local 2741 Constitution – and therefore, a violation of the Constitution.

169.     Jones announced that, as President, she could unilaterally **cancel** any motion offered by the members.

170.     This is a violation of Robert's Rules of Order Newly Revised incorporated by reference into the Local 2741 Constitution – and therefore, a violation of the Constitution.

171.     Jones told Local 2741 members that AFGE National Office staff had **directed** her to remove Dev Hillman from his position as the duly elected Chief Shop Steward.

172.      Local 2741 President Barbara Jones announced that "AFGE National" had **directed** her to remove Tara Blunt from her position as Acting Secretary Treasurer.

173.     AFGE's false and slanderous statements to Local 2741 members on October 20, 2017 that Plaintiffs are **not** officers of Local 2741 and had no right to sit at the table with the other Executive Committee members defamed Plaintiffs' reputation and character, humiliated

them, significantly and adversely interfered with their ability to carry out their duties as Local 2741 officers and may adversely impact their nomination for office in the upcoming election.

174.    Local 2741 Constitution and Bylaws and Robert's Rules of Order Newly Revised provide only two means of replacing officers – by special election or by a majority vote of the Local 2741 Executive Committee.

175.    Barbara Jones did not convene a special election or obtain a majority vote of the Local 2741 Executive Committee prior to her appointment of Nadine Bell to replace Tara Blunt as the Acting Secretary Treasurer for Local 2741.

176.    Ms. Jones announced that she had held a conference telephone call with two Executive Committee members – Anthony Sherman and Ashley Harris—and *informed* them of her unilateral decision to appoint Nadine Bell, as Secretary Treasurer.

177.    However, Local 2741 Constitution and Bylaws and Robert's Rules of Order Newly Revised (incorporated by reference into the Local 2741 Constitution) do not permit telephone meetings.

178.    Barbara Jones admitted that she *excluded* two Executive Committee members, Plaintiffs Dev Hillman and Tara Blunt, from the telephone call during which she purportedly shared her unilateral decision to replace Ms. Blunt as Secretary Treasurer with Nadine Bell.

179.    Omitting two members of the Executive Committee from a convened meeting of the Committee is yet another violation of Robert's Rules of Order Newly Revised and the Local 2741 Constitution.

180.    President Jones' removal of Tara Blunt as Secretary Treasurer and her subsequent appointment of Nadine Bell to the position during a telephone call violates the Local 2741 Constitution and is therefore null and void

181.    Ms. Blunt questioned the legality of Jones' actions, stating that she was the Secretary Treasurer approved by the general members during the September 16th meeting and ratified by a unanimous vote of the Executive Board on September 23, 2017.

182.    Ms. Jones replied that the September 16th meeting was "null and void" because AFGE National "investigated" the September 16th minutes, "called in people who were at the meeting", interviewed them and determined that the minutes were "null and void".

183.    Barbara Jones said that "AFGE National" had informed her that Tara Blunt was no longer the Secretary Treasurer and Dev Hillman was no longer the Chief Shop Steward.

184.    Ms. Jones offered no explanation for her decision to overturn the September 23rd Executive Committee vote to appoint Ms. Blunt as Secretary Treasurer.   In front of other Local 2741 members, Jones informed Plaintiffs that they would not be allowed to sit at the table with the other members of the Local 2741 Executive Committee.

185.    Local 2741 is autonomous. Pursuant to the Constitution and Bylaws of Local 2741 and AFGE, Local 2741 members elect their officers and approve the minutes of their meetings – not AFGE National.

186.    Nothing in the AFGE National or Local Constitution authorizes the Defendant, AFGE, or its staff  to reach down into the inner workings of Local 2741, review the minutes of the September 16th meeting and unilaterally declare them "null and void".   Nothing in the Constitution of the two organizations allows the Defendant, AFGE, or its staff to summarily remove Plaintiffs from their positions as duly elected Local 2741 officers without due process.

187.    On October 25, 2017,  in an effort to exhaust Plaintiffs' administrative remedies, counsel for Plaintiffs wrote a letter to AFGE National President J. David Cox objecting to Plaintiffs' removal as Local 2741 officers and requesting their immediate reinstatement.

188.    To date, J. David Cox has not responded or intervened in any way to assist Plaintiffs.

189.    Mr. Cox's silence constitutes his assent to the actions of his subordinates, Eric Bunn and Nate Nelson, who made false and defamatory statements about Plaintiffs and unlawfully stripped their union membership and removed them from office in retaliation for speaking out against Jones' misconduct.

190.    President Jones canceled the December 2017 Local 2741 general membership meeting for lack of a quorum and scheduled the next meeting for January 20, 2018.

191.    In November, December and January 2018, Plaintiff Tara Blunt deposited Plaintiffs' dues into Local 2741's bank account -- a practice that she had followed since her September 2017 appointment as Acting Secretary Treasurer.

192.     Plaintiff Devlin Hillman attempted to attend the Saturday, January 20, 2018 union meeting but President Barbara Jones refused to allow him into the meeting, falsely claiming that his dues were not paid.

193.    The next scheduled Local 2741 meeting was Saturday, February 24, 2018. Plaintiffs attempted to deposit their dues into Local 2741's bank account only to discover that the account had been recently closed.

194.    Just hours before the February general membership meeting was set to start, on February 24, 2018, at 12:04 p.m., AFGE, through its National Representative Nate Nelson, informed Plaintiffs that they are "ineligible to run for office in April 2018" because they attempted to deposit their dues into an account that had recently closed, writing:

"Subject: Devlin Hillman and Tara Blunt----can't attend February 24, 2018 membership meeting

"Please be informed that if anyone did not pay January and February 2018 dues to the local

treasurer, directly to an executive officer, or mailed their payment to the local's mailing address(with proof of mailing), then according to AFGE policy regarding Dues Delinquency and Good [sic] standing dated June 8, 2017, then Mr. Hillman and Ms. Blunt "are not members in good standing because there is no proof that local 2741 received their dues for the past two months.

"Unless they can prove they paid their dues to local 2741 for the months January and February 2018, they will not be eligible to attend the February 24, 2018 membership meeting.

"It appears that the parties may have attempted to pay dues to an account that was closed. Although the local President specifically informed both parties that their dues had to be paid to the local treasurer, a local officer, or the dues could be mailed to the union office address with proof of service, it appears the parties ignored this information.

"Since District 14 provided Mr. Hillman and Ms. Blunt are now ineligible to run for an elected office in 2018 because the Dues Delinquency policy was provided to their attorney-Ms. Morten. [sic]

"Since 45 days have elapsed since the Delinquency began, this is what made both parties ineligible to run for an elected office in 2018. The AFGE Dues Delinquency policy is attached to this e-mail. Please provide both parties a copy of this policy. The problem here is that both parties violated the policy after the policy was provided to their attorney of record. It is unfortunate this issue occurred."

195.   On February 24, 2018 at 5:07 p.m., Dev Hillman sent a responsive email to Nate

Nelson and Eric Bunn establishing that his dues were paid through February 12, 2018:

"My membership was dropped from Local 2741 on Monday, November 21st, 2016.  From Tuesday, November 22nd thru Tuesday, December 20th, 2016 there were 3 pay periods. (Dues calculation @ 22.66 x 3= 67.98) From Tuesday, January 3rd thru Tuesday December 19th, 2017 there were 26 pay periods. (Dues calculation @ 22.66 x 26= 589.16)

"In 2018 so far, there have been 3 pay periods. Tuesday, January 3rd thru Tuesday, February 6ty, 2018. (Dues calculation @ 22.66 x 3=67.98) The total is $725.12….Copies of my deposits and money order receipts are attached this email.  So, I'm covered until Monday, February 12th, 2018.

"During the last general body meeting you denied me entry to the meeting; however, based on my dues payment I was paid up until January 30th, 2018.

"You illegally denied me access to that meeting. To date I still can't sign on to AFGE.org and I haven't received my membership card. When will you add me to *myLocal's* database for Local 2741?

"Also, in Article III Section 2(g) of our bylaws state that a member may only be dropped from the rolls after notice has been given. I have never been given notice from Local 2741 to date. Will I ever receive a notice from Local 2741?"

196.    On February 24, 2018, at 6:03 p.m., Nate Nelson informed Plaintiffs that he was

"suspending AFGE's decision to ban their election participation" in the following email:

"Please refer to AFGE Dues Delinquency policy. We provided your attorney a copy of this policy. This policy was put into effect on June 8, 2017. The issue is not complicated.

"If you have proof that your dues for January and February 2018 were deposited to local 2741 current bank account number, then we do not have a problem.

"The Local president states that she does not have bank records or statements indicating you put your dues money in the local's current bank account.

"I have suspended the 14th District decision to ban your election participation until you have had an opportunity to prove that you did deposit your dues money to the local's current bank account. President Jones states that she specifically informed you and others to cease the practice of making deposits to the local bank account by by-passing the current elected and appointed local 2741 officials. All local dues should be paid to the local officials.

"Please provide proof that you deposited your dues to the current local's bank account by March 2, 2018. Please be informed that every local in this federation must do business with the NEC policy on Dues delinquencies and good standing [sic]. The NEC makes policies between our conventions. I want to be fair with you. Thank you."

197.    On February 26, 2018, Plaintiff Tara Blunt responded by email to Nelson providing

proof that she had deposited money orders into Local 2741's account and her dues were fully

paid through March 2018.

198.    On February 26, 2018, Plaintiff Dev Hillman also sent a responsive email to Nelson

proving that his dues were fully paid through February 26, 2018:

"Attached are payments for January and February dues up until February 26th, 2018. I have 2 money orders which I will bring today when I come to the membership meeting which will extend my good standing until March 26, 2018. I will need a receipt.  Which also means the NEC's 45-day rule from the summer of 2017 does not apply.

"I have paid my dues to the secretary-treasurer Tara Blunt, however, her access to Local 2741's account has been rescinded.   BJ appointed the current Treasurer Nadine Bell to be secretary-treasurer without a vote from the general body meeting/and with no such notice sent to members. (Article IV Section 9)

"You also mention any officer of the Local. I am still an officer of the Local. Please see the attachment to this email. I am not able to mail payments into the Local's address because I do not know what it is. Can you have BJ forward that to me.

"The account I've deposited my dues into since September 25th of 2017 until last week have all been accepted. The account was just closed last week. The title of your email says proof for January and February which implies that depositing into the bank account from September thru December 31st. 2017 are good. What changed for January and February?

"Since NP Cox and NVP Bunn's letter back in the Fall of 2017 I still was not able to sign into AFGE.org. I also still never received my membership card. When I asked BJ about putting me back on the MyAFGE she refused and said she would have to talk to you. Does BJ run our Local or do you? And if you do should I send everything from this point to: 80 M St SW 3rd Floor?

"5 hours of notice is also not enough notice. Article III Section 2(g) of our bylaws state that a member may only be dropped from the rolls after notice has been given. I have never been given notice from Local 2741 to date. Will I ever receive a notice from Local 2741? Thanks in advance for your time and cooperation in this matter.

199.    Mr. Hillman attached to the February 26th email an October 6, 2016 1:23 p.m.

email from Syed Faisal referring him to Local 2741:

"Chief Steward Hillman, Locals collect all member dues.  Please provide payment to Local Treasurer or President. Thanks. Syed."

200.    Mr. Hillman attached his October 6, 2016, 1:26 p.m. response to Faisal:

"I don't work for the Agency anymore and the Secretary Treasurer [Tara Blunt] told me to contact the head office because the President has taken away her ability to perform her duties."

201.    After receiving these emails, Mr. Nelson informed Plaintiffs that they were still

members of Local 2741 and **could** attend the February 23rd general membership meeting.

202.    Then, in an abrupt about-face, on February 26, 2018, Nate Nelson changed his

mind again, concluding that Plaintiffs are "ineligible to run for office in April".

"Mr. Hillman and Ms. Blunt, please be informed that after I did some additional research, I discovered that Mr. Syed Faisal, our integrity manager, gave you specific instructions as to who you should pay your dues to. On October 6, 2016, Mr. Faisal sent you an e-mail which stated  "locals collect dues. Please provide payment to the local treasurer or president." Mr.

Faisal further told you that if the local refuse to accept your dues, then call District 14 (phone number attached).

"District 14 did not receive a phone call from you or Ms. Blunt indicating the local had refused to accept dues from you and Ms. Blunt. I have attached Mr. Faisal email dated October 6, 2016 for your review. It is obvious that you and Ms. Blunt created this problem because you refused to follow Mr. Faisal instructions of paying your dues to the local Treasurer or President. [sic]

"Instead of complying with Mr. Faisal's instructions, you tried to guess which bank the local was using. In other words, you tried to self-deposit.

"To compound this problem, and make matters worse, there is an admission that dues was [sic] paid to Tara Blunt, who is not the recognized treasurer for local 2741. The local president reported that you nor Ms. Blunt did not pay any dues for January or February 2018. This is a clear violation of AFGE Dues Delinquency policy, which states if a member dues elapse for 45 days, then that member is ineligible to run for an elected office because they are not in good standing.

"I reviewed some of your money orders, and there is no evidence that indicates these money orders were deposited to the local 2741 current bank account. Therefore, based on my findings and discovery, Mr. Hillman and Ms. Blunt are **ineligible to run for an elected office in local 2741--April 2018. However, if Mr. Hillman and Ms. Blunt can prove that they** deposited their dues to local 2741 current bank account by March 2, 2018, then **I will revisit this issue**. Both parties are free to appeal my findings to NVP Bunn."

203.    AFGE asserts that its Dues Delinquency Policy requires that Plaintiffs pay their dues to an authorized Local 2741 officer – and not deposit them into the local's bank account – because direct deposit of dues violates the Dues Delinquency Policy.

204.    To date, AFGE has filed no charges against Plaintiffs for depositing dues into the Local's account.  To date, AFGE has not provided Plaintiffs with a copy of the purported Dues Delinquency Policy that they allegedly violated.

205.    Mr. Nelson failed to attach the purported Dues Delinquency Policy to his email as indicated.  Instead, Mr. Nelson erroneously attached a February 15, 2018 Letter to Linda Hale, Subject:  Global Settlement for All Discrimination Complaints While Employed with AFGE Local 12 signed by himself, Linda Hale, Jeffrey Wheeler, Acting President AFGE Local 12 and

Humberto Costa, Acting Treasurer, AFGE Local 12; and Complainant Linda Hale's Charge of Discrimination Withdrawal Form.

206.    Although Plaintiffs' paid their AFGE dues in full through February 28, 2018, and AFGE accepted the payments, Barbara Jones informed Plaintiffs that Nate Nelson directed her to deny Plaintiffs entrance into the January and February 2018 Local 2741 monthly meetings.

207.    Plaintiff's attended the February 23, 2018 Local 2741 meeting and attempted to pay their dues for April 2018 to President Barbara Jones, but she refused to accept their dues payments and denied Plaintiffs entrance into the general membership meeting.

208.    When Plaintiffs asked why they were being denied entrance into the meeting, Jones asserted that she was directed by "AFGE National" not to accept Plaintiffs' dues at the February 23, 2018 meeting and not to allow Plaintiffs to enter the membership meeting.

209.    In an email to Plaintiffs copied to NVP Eric Bunn, Mr. Nelson **confirmed** that AFGE National directed Local 2741 not to accept Plaintiffs' dues at the February 23, 2018 meeting and not to allow them to enter the membership meeting.

210.    Local 2741 holds elections every three years under the terms of its Constitution.

211.    The next election is scheduled for April 2018, and Local 2741 will elect a President, Vice President, Secretary Treasurer, Recording Secretary, Chief Shop Steward and Sergeant at Arms.

212.    Plaintiff Dev Hillman has been nominated to run for President of Local 2741 and Tara Blunt has been nominated to run for Secretary Treasurer in the April 2018 election.

213.    Plaintiff Dev Hillman's dues are currently paid through March 31, 2018, and Plaintiff Tara Blunt's dues are currently paid through May 2018.

214. The next Local 2741 general membership meeting is scheduled for Saturday, March 17, 2018 at 6 p.m.

215. At the March 2018 meeting formal nominations will be made for candidates for office in the April 2018 election.

### III. APPLICABLE LAW

216. Having paid their dues, Plaintiffs meet all qualifications to serve as officers and to be nominated as candidates for office under the provisions of the Local 2741 Constitution which states:

> "To be qualified as an officer or candidate for office, an individual must meet the following qualifications:  be a member in good standing, be a member for one year in an AFGE local immediately preceding the closing of the nomination process, and must not be a member in any labor organization not affiliated with the AFL-CIO.  Candidates shall not run for more than one office in the same local election, however, candidacy as a delegate shall not be considered to be covered by this provision."

217. Yet, AFGE informed Plaintiffs on February 26th that they are not eligible to run for election. This is egregious.  AFGE accepted Plaintiffs' dues, reinstated them as members "in good standing with full benefits" on September 11, 2017, accepted Plaintiffs' dues.  Yet, on the eve of election, AFGE asserts that Plaintiffs are not members of Local 2741 and, for that reason, are not eligible to run for office.

218. AFGE has denied Plaintiffs their rights as AFGE members in good standing by refusing, since September 11, 2017, to grant them password access to the AFGE membership website, thereby depriving them of the full benefits of membership.

219. AFGE violated the LMRDA by denying Plaintiffs entry to Local 2741 general membership and Executive Committee meetings.

220. AFGE violated the LMRDA by denying Plaintiffs' right to free speech by refusing to allow Plaintiffs to make motions during the meetings; requiring them to submit their motions

in writing in advance; and "canceling" or ignoring their motions after they were properly made and seconded in violation of Robert's Rules of Order Newly Revised and the Local 2741 Constitution.

221.     AFGE violated the LMRDA by stripping of Plaintiffs' of their positions as duly elected/appointed officers of Local 2741 without affording them due process.

222.     AFGE violated the LMRDA by humiliating Plaintiffs by refusing to allow them, as Local 2741 officers, to take their seats at the table with other Executive Committee members.

223.     AFGE violated the LMRDA by denying Plaintiffs the right to run for office in the upcoming April 2018 election.

224.     AFGE's unlawful actions have caused Plaintiffs mental anguish and humiliation and have had a chilling effect on the right of Local 2741 members to exercise their protected speech rights under the LMRDA.

225.     AFGE took these unlawful actions against Plaintiffs in retaliation for their writing a September 23, 2017 letter critical of Local 2741 President Barbara Jones in violation of their rights as guaranteed by the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.§ 411 ("LMRDA"), the AFGE Constitution.

226.     This is not the only instance in which AFGE has egregiously violated its members' rights under the LMRDA.  Many other union members have been forced to file lawsuits against AFGE to vindicate their rights under the LMRDA.

227.     AFGE generates vast resources from the collection of members' fees.  AFGE routinely abuses those resources by using them to bully its own union members by filing frivolous litigation against them in an effort to defend the indefensible.   This is one such case.

228.    Title I of the Labor Management Reporting and Disclosure Act (LMRDA) contains what is known as the Bill of Rights for Union Members.

229.    The Bill of Rights originated from the concern that the original bill that eventually became the LMRDA "did not provide general protection to union members who spoke out against the union leadership." *United Steelworkers of Am. v. Sadlowski*, 457 U.S. 102, 109, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982).

230.    Title I was "designed to guarantee every union member equal voting rights, rights of free speech and assembly, and a right to sue." *Id.; see also Local No. 82, Furniture and Piano Moving v. Crowley*, 467 U.S. 526, 104 S.Ct. 2557, 81 L.Ed.2d 457 (1984) ("Title I [of the LMRDA] is designed to guarantee every union member equal rights to vote and otherwise participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline."); *Finnegan v. Leu*, 456 U.S. 431, 435–36, 442, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982)   ("[The LMRDA's] concerns [are] with promoting union democracy, and protecting the rights of union members from arbitrary action by the union or its officers.").

231.    As the Supreme Court has observed, the legislative history of Title I "reveals that Congress modeled [it] after the [Constitution's] Bill of Rights," and although Title I does not reach as far as the First Amendment itself, "the legislators intended § 101(a)(2) [of Title I] to restate a principal First Amendment value—the right to speak one's mind without fear of reprisal." *Sadlowski*, 457 U.S. at 111, 102 S.Ct. 2339.

232.    Two provisions of the Bill of Rights lie at the center of this case. First, Section 101(a)(1), entitled "Equal Rights," provides:

"Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor

35

organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."

233.    29 U.S.C. § 411(a)(1). Section 101(a)(2), entitled "Freedom of Speech and

Assembly," provides that, subject to reasonable rules,

"Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings."

234.    29 U.S.C. § 411(a)(2) provides that an infringement of the rights enumerated in

Sections 101(a)(1) or (a)(2), including retaliation for exercising such rights, is actionable under

Section 102. See 29 U.S.C. § 412. *Massey v. Am. Fed'n of Gov't Employees*, 196 F. Supp. 3d

25, 33–34 (D.D.C. 2016)

235.    Plaintiffs seek to hold AFGE liable for the actions of NVP Eric Bunn and National

Representative Nate Nelson and for the actions of its affiliated Local 2741 under the doctrine

of *respondeat superior* liability.

236.    "It has long been established that a collective entity, including a labor organization,

may be 'held responsible for the authorized or ratified actions of its officers and agents.'

" *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1427 (D.C.Cir.1988)

(citation omitted); *see also N. River Energy Corp. v. United Mine Workers of Am.*, 664 F.2d

1184, 1190 (11th Cir.1981) (stating that common-law agency principles "hold a union liable for

all acts of its officers and agents within the scope of their general authority").

237.    "This standard of liability extends generally to situations in which an

international union" or, as in this case, a national union "is sued for the conduct of its affiliated

local." *Berger*, 843 F.2d at 1427.

238.     To hold the parent union liable for its affiliate's actions, a "plaintiff must adduce specific evidence that the [parent] 'instigated, supported, ratified, or encouraged' those actions, or 'that what was done was done by their agents in accordance with their fundamental agreement of association.' " *Id.* (quoting *Carbon Fuel Co. v. United Mine Workers*, 444 U.S. 212, 217–18, 100 S.Ct. 410, 62 L.Ed.2d 394 (1979)).

239.     AFGE NVP Eric Bunn and AFGE National Representative Nate Nelson conspired with and directed Local 2741 President Barbara Jones to deprive Plaintiffs of their membership in AFGE Local 2741, strip them of their offices and deny them the right to run in the upcoming April 2018 election in retaliation for Plaintiffs' exercise of their protected speech rights. *Massey v. Am. Fed'n of Gov't Employees*, 196 F. Supp. 3d 25, 36–37 (D.D.C. 2016)

240.     AFGE National President J. David Cox approved the actions and misconduct of AFGE NVP Eric Bunn and AFGE National Representative Nate Nelson as they conspired with and directed Local 2741 President Barbara Jones to deprive Plaintiffs of their membership in AFGE Local 2741, strip them of their offices and deny them the right to run in the upcoming April 2018 election in retaliation for Plaintiffs' exercise of their protected speech rights. *Massey v. Am. Fed'n of Gov't Employees*, 196 F. Supp. 3d 25, 36–37 (D.D.C. 2016)

## IV. DEFENDANT'S LIABILITY

### COUNT 1 –  LMRDA SECTIONS 411(a)(1), (a)(2), and (a)(5)

**Preventing Plaintiffs From Attending Union Meetings,  Making Motions, Voting, Running For Local 2741 Office And Expressing Their Opinions  Regarding Local 2741 Business**

241.     Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-240 of this Complaint.

242.    The "Bill of Rights for Union Members" under the LMRDA provides, in pertinent part, that all members have "the right to participate equally in the system of union democracy, a general privilege that encompasses the more specific rights to nominate candidates, vote, and attend meetings, *see* 29 U.S.C. § 411(a)(1), and the right to "express any views, arguments, or opinions," including opinions related to union business or candidates for union office. *See* § 411(a)(2).

243.    AFGE accepted Plaintiffs' dues payment in full each month while refusing to grant Plaintiffs access to the AFGE website *MYLOCAL.org*, denying Plaintiffs the right to attend regular monthly meetings and refusing to run for office in the upcoming election.  AFGE took these actions in retaliation against Plaintiffs' writing a letter opposing Local 2741 President Barbara Jones' conduct during the September 23, 2017 Executive Committee meeting that violated the Local 2741 Constitution.  Defendant's unlawful misconduct violated the rights of the Plaintiffs under the LMRDA and the rights of other Local 2741 members to choose officers of their union as guaranteed under the  LMRDA Bill of Rights for Union Members.

### COUNT 2 –  LMRDA SECTIONS 411(a)(1), (a)(2) and (a)(5)

**Accepting Plaintiffs' Dues While Describing Their Membership As "Partially Reinstated", Refusing To Grant Them Access To The AFGE *Mylocal.Org*  Membership Portal And Denying Them Other Benefits Afforded To Local 2741 Members**

244.    Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-240 of this Complaint.

245.    By intentionally and maliciously describing Plaintiffs' membership as "partially reinstated" after Plaintiffs exercised their protected right to criticize Local 2741 President Barbara Jones for her misconduct during the September 23, 2017 Executive Committee

meeting  Defendant violated the rights of the Plaintiffs and the members who elected them

under the "Bill of Rights for Union Members."

### COUNT 3 – LMRDA SECTIONS 411(a)(1), (a)(2) and (a)(5)
### RETALIATION FOR EXERCISING PROTECTED RIGHTS

**Removing Plaintiffs From Their Elected/Appointed Positions As Officers Of Local 2741
And Falsely Informing DPR Management, DPR Employees, And Local 2741 Members
That Plaintiffs Are Not Officers Of Local 2741 In Retaliation For Exercising Their
Protected Right To Free Speech**

246.    Plaintiffs incorporate by reference into this Count all of the allegations appearing in

paragraphs 1-240 of this Complaint.

247.    By intentionally and maliciously removing Plaintiffs Dev Hillman and Tara Blunt

from their elected positions as Chief Shop Steward and Secretary Treasurer respectively

immediately after Plaintiffs wrote a letter criticizing Local 2741 President Barbara Jones'

violation of the Local's Constitution during a September 23, 2017 Executive Committee

meeting,  Defendants retaliated against Plaintiffs and violated their rights and the rights of

Local 2741  members who elected them under the "Bill of Rights for Union Members."

248.    Local President Barbara Jones was also aware that Plaintiff  Dev Hillman intended

to run against her for the presidency of Local 2741 in the April 2018 election.  Removing

Plaintiff Dev Hillman from office was a preemptive act on Jones' part to harm him politically

and make him a less effective candidate in the 2018 election.

249.    Local President Barbara Jones was also aware that Plaintiff  Tara Blunt intended to

run against her friend, Nadine Bell, for the positon of Secretary Treasurer of Local 2741 in the

April 2018 election.  Removing Plaintiff Tara Blunt from office was a preemptive act on Jones'

part to prevent Ms. Blunt from running against Ms. Bell.

**COUNT 4 - LMRDA SECTIONS 411(a)(1), (a)(2) and (a)(5)**

**Falsely Claiming, As A Pretext, That Plaintiffs Did Not Follow The So-Called AFGE Dues Payment Policy, AFGE Denied Plaintiffs The Right To Attend Local 2741 Meetings and Run For Elected Office In The 2018 Local 2741 General Election Scheduled For April 2018 In Retaliation For Exercising Their Protected Right To Free Speech**

250.    Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-240.

251.    AFGE, through its National Representative Nate Nelson, denied Plaintiffs the right to run for office in the April 2018 Local 2741 election based on the false, pretextual claim that Plaintiffs did not follow the so-called AFGE Dues Delinquency Policy enacted in June 2017 when in fact, AFGE, denied Plaintiffs the right to run in retaliation for their writing a September 23, 2017 email critical of Local 2741 President Barbara Jones.  In so doing, AFGE unlawfully retaliated against Plaintiffs for exercising their protected free speech rights, guaranteed by the LMRDA, federal and District law.

**COUNT 5 –  DEFAMATION OF CHARACTER, SLANDER AND LIBEL (In Violation Of D. C. Code § 31-2231.05)**

**Negligently Making False, Defamatory Statements That In Exercising Her Rights Under The LMRDA To Nominate Dev Hillman As Vice President Of Local 2741, Tara Blunt "Was Willing To Violate Her Own Local Bylaws In Order To Aid Another For Financial Gain"**

252.    Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-240 of this Complaint.

253.     AFGE, through its National Representative Nate Nelson,  made false, defamatory and libelous statements in an October 1, 2017 email circulated to AFGE and Local 2741 members in which AFGE asserted that Plaintiff Tara Blunt was willing "to violate her own local bylaws in order to aid another for financial gain", after Ms. Blunt properly exercised her

rights under the LMRDA to nominate Dev Hillman to the position of Vice President during the September 23, 2017 Executive Committee meeting.

251. Coming from AFGE National Headquarters, these false statements carry great weight among Local 2741 members. Thus, AFGE's false statements defamed Ms. Blunt's reputation and character, humiliated her, significantly and adversely interfered with her ability to carry out her duties as Secretary Treasurer and may adversely impact her pending OEA appeal and her nomination for office in the upcoming Local 2741 election. AFGE's false and defamatory statements caused Ms. Blunt special harm and are actionable pursuant to D. C. Code §31-2231.05(2016).

254. Under District of Columbia law, a plaintiff claiming defamation must show: "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Jankovic v. Int'l Crisis Group,* 494 F.3d 1080, 1088 (D.C.Cir.2007) *Hourani v. Mirtchev,* 943 F. Supp. 2d 159, 168 (D.D.C. 2013), aff'd, 796 F.3d 1 (D.C. Cir. 2015). Ms. Blunt has made such a showing.

### COUNT 6 –  DEFAMATION OF CHARACTER, SLANDER AND LIBEL
### (In Violation Of D. C. Code § 31-2231.05)

**Negligently Making False, Defamatory Statements That Devlin Hillman Is Not The Local 2741 Chief Shop Steward To Local 2741 Members And D. C. Department of Parks And Recreation Officials**

251. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-240 of this Complaint.

252.    On October 1, 2017, AFGE negligently made false, defamatory and libelous statements to Local 2741 and DPR officials that Plaintiff Devlin Hillman is not the duly elected Chief Shop Steward of Local 2741.  Shortly thereafter, on or about October 19, 2017, DPR Manager (and former Local Secretary Treasurer) Zakyia Brown and other DPR managers issued emails to DPR staff and Local 2741 members directing them to "stay clear of and do not involve ourselves in any possible situation involving Mr. Hillman".

253.    On October 20, 2017, DPR General Counsel Amy Caspari falsely testified that Mr. Hillman is not the Chief Shop Steward of Local 2741 in an unrelated OEA public hearing. DPR apparently repeated the false statement in pleadings filed with the OEA in Mr. Hillman's appeal.

252.    AFGE directed Local 2741 President Barbara Jones to announce to Local 2741 members these false and defamatory statements that Mr. Hillman is not the duly elected Chief Shop Steward and not a member of the Executive Committee.  On October 21, 2017, President Jones made the announcement as directed at the monthly meeting of Local 2741. Jones also refused to allow Mr. Hillman to take a seat at the table with other Executive Committee members.

253.    Coming from AFGE National Headquarters, these false statements carry great weight among Local 2741 members and DPR officials.  AFGE's and DPR's false statements defamed Mr. Hillman's reputation and character, significantly and adversely interfered with his ability to carry out his duties as Chief Shop Steward, humiliated him and may adversely impact his pending OEA appeal and his nomination for office in the upcoming Local 2741 election.

254.    Under District of Columbia law, a plaintiff claiming defamation must show: "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the

defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Jankovic v. Int'l Crisis Group,* 494 F.3d 1080, 1088 (D.C.Cir.2007) *Hourani v. Mirtchev,* 943 F. Supp. 2d 159, 168 (D.D.C. 2013), aff'd, 796 F.3d 1 (D.C. Cir. 2015).  AFGE's false and defamatory statements caused Mr. Hillman special harm and are actionable pursuant to D. C. Code §31-2231.05(2016).   Mr. Hillman has made such a showing.

### COUNT 7 –  DEFAMATION OF CHARACTER, SLANDER AND LIBEL
### (In Violation Of D. C. Code § 31-2231.05)

**Negligently Making False, Defamatory Statements That Tara Blunt Is Not The Local 2741 Secretary Treasurer To Local 2741 And D. C. Department of Parks And Recreation Officials**

255.    Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-240 of this Complaint.

256.    On October 1, 2017, AFGE negligently made false, defamatory and libelous statements to Local 2741 and DPR officials that Plaintiff Tara Blunt, is not the duly appointed Acting Secretary Treasurer of Local 2741.  Shortly thereafter, on October 20, 2017, DPR General Counsel Amy Caspari falsely testified that Ms. Blunt is not the Secretary Treasurer of Local 2741 in an unrelated OEA public hearing. DPR apparently repeated the false statement in pleadings filed with the OEA in Ms. Blunt's appeal.

257.    AFGE then directed Local 2741 President Barbara Jones to announce to Local 2741 members these false and defamatory statements that Ms. Blunt is not the Acting Secretary Treasurer and not a member of the Executive Committee.  On October 21, 2017, President Jones made the announcement as directed at the monthly meeting of Local 2741. Jones also

refused to allow Mr. Hillman to take a seat at the table with other Executive Committee members.

258.    Coming from AFGE National Headquarters, these false statements carry great weight among Local 2741 members and DPR officials.  AFGE's and DPR's false statements defamed Ms. Blunt's reputation and character, humiliated her, significantly and adversely interfered with her ability to carry out her duties as Secretary Treasurer, and may adversely impact her pending OEA appeal and her nomination for office in the upcoming Local 2741 election.  AFGE's false and defamatory statements caused Ms. Blunt special harm and are actionable pursuant to D. C. Code §31-2231.05(2016).

259.    Under District of Columbia law, a plaintiff claiming defamation must show: "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Jankovic v. Int'l Crisis Group,* 494 F.3d 1080, 1088 (D.C.Cir.2007).  *Hourani v. Mirtchev,* 943 F. Supp. 2d 159, 168 (D.D.C. 2013), aff'd, 796 F.3d 1 (D.C. Cir. 2015).  Ms. Blunt has made such a showing.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs demand judgment against Defendant on all counts, and request that the Court issue an Order:

i.    Enjoining AFGE and AFGE Local 2741 from nominating officers and holding the April 2018 elections unless Plaintiffs are permitted to run for office;

44

ii.   Setting aside as null and void any AFGE Local 2741 election results if Plaintiffs are not permitted to run for office and ordering Local 2741 to hold new elections and permit Plaintiffs to run for office in the new election.

iii.   Reinstating Devlin Hillman as the Chief Shop Steward for Local 2741 effectively immediately and informing DPR in writing that Mr. Hillman is the duly recognized Chief Shop Steward for Local 2741 and that he shall be granted the right to represent Local 2741 members and DPR employees in all labor related matters in that capacity consistent with the duties of the Chief Shop Steward set forth in the union CBA and the Local 2741 Constitution;

iv.   Reinstating Tara Blunt as Acting Secretary Treasurer for Local 2741 effective immediately, adding Ms. Blunt as the first signatory on all Local 2741 bank accounts and giving her password and email access to all Local 2741 computers, bank accounts and financial records and informing DPR in writing that Ms. Blunt is the duly recognized Acting Secretary Treasurer and that she shall be granted the right to represent Local 2741 in that capacity consistent with the duties of the Secretary Treasurer set forth in the union CBA and in the Local 2741 Constitution;

v.   Requiring AFGE and Local 2741 to notify DPR and all DPR managers and employees and all Local 2741 members in writing by email addressed to their *dc.gov* accounts that Devlin Hillman is the duly elected Local 2741 Chief Shop Steward and that Tara Blunt is the duly appointed Local 2741 Acting Secretary Treasurer with all rights and responsibilities attendant to those positions, including the right to attend all Local 2741 general membership and Executive Committee meetings and to run for office in the next

Local 2741 general election and to do so within 24 hours of the issuance of the Court's Order;

vi.   Requiring AFGE to reimburse Mr. Hillman and Ms. Blunt for their pain, suffering and humiliation at being ousted from union membership and from their positions as officers of Local 2741; from being denied entry to Local 2741 general membership and Executive Committee meetings and for suffering special harm as a result of AFGE's false and defamatory statements about their character in the amount of $500,000 each;

vii.  Requiring AFGE to pay punitive damages in the amount of $300,000 each to Mr. Hillman and Ms. Blunt for their egregious misconduct and to discourage AFGE from engaging in such egregious conduct toward its members in the future;

viii. Reimbursing Mr. Hillman and Ms. Blunt's attorneys' fees and costs; and

ix.   Awarding  such other  such other damages and relief as this Court finds just and equitable.

## VII. JURY TRIAL

Plaintiffs request a jury trial.

Respectfully submitted,


_____/s/_____
Marlene (Kemi) Morten, Counsel for Plaintiffs
D. C. Bar 272575
3825 South Capitol Street, S. W.
Washington, D. C. 20032
202-379-4806/202-492-5963
kemimorten@unfoldment.org/kemimorten@gmail.com


Date:  March 16, 2018